UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
        Plaintiff

VERSUS                                     CIVIL ACTION NO. 16-CV-307

ONE HUNDRED NINE THOUSAND
DOLLARS IN UNITED STATES
CURRENCY,
        Defendant

**I.**

**<u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>**

NOW INTO COURT COMES Plaintiff, United States of America, by and through undersigned counsel, who alleges the following:

**II.**

**<u>NATURE OF THE ACTION</u>**

This is a civil action in rem brought to forfeit and condemn to the United States One Hundred Nine Thousand Dollars ($109,000.00) (the "defendant property") in United States currency, as monies furnished or intended to be furnished by any person in exchange for a controlled substance, or are proceeds traceable to such an exchange, or monies used or intended to be used to facilitate a drug offense, in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is, therefore, subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

**III.**

**<u>JURISDICTION AND VENUE</u>**

Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant property.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 28 U.S.C.

§ 1355(a).   Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the property pursuant to Supplemental Rule G(3)(b) & (c).   Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district, pursuant to 28 U.S.C. § 1395.

## IV.

## <u>THE DEFENDANT IN REM</u>

The defendant property consists of One Hundred Nine Thousand Dollars ($109,000.00) in United States currency.

## <u>FACTS</u>

On December 8, 2015, Corporal Luke Cowart, a Task Force Officer ("TFO") with the Drug Enforcement Administration, conducted a traffic stop on a 2014 Hyundai Accent, bearing Texas License plate FYL6455 for speeding in a construction zone on Interstate 1-12 West near mile marker 5.

## V.

The driver was identified as Ivan Gonzalez.   Gonzalez acknowledged that he did not see the speed limit signed reducing the limit to 50 mph.   Corporal Cowart asked Gonzalez where he was coming form, and he initially stated that he was in the process of moving from Miami to Texas, and that he and the passengers were enroute to Houston, Texas from Miami, Florida where they had been for one month.

## VI.

The passengers in the vehicle were Frank Infante-Sagarra and Celia Infante. Infante-Sagarra advised Corporal Cowart that they were coming from Miami where they had been

2

visiting family for three days.   Corporal Cowart returned to Gonzalez, and when asked again how many days he had been in Miami, Gonzalez said "five days due to his mother being in an accident."

## VII.

Both Gonzalez and Infante-Sagarra appeared very nervous while speaking with Corporal Cowart.   Due to the nervousness and inconsistent travel itinerary, Corporal Cowart requested to search the vehicle which Gonzalez, the registered owner of the vehicle, granted.   Prior to the search, Corporal Cowart asked Gonzales several times in both English and Spanish if there were any "large amounts of currency in the vehicle" to which he stated, "No."   Upon search of the vehicle, Corporal Cowart located $109,000.00 in United States currency in various denominations, bundled with rubber bands, consistent with that of drug proceeds, in a back pack in the vehicle's trunk.

## VIII.

Upon initially locating the currency, Infante-Sagarra immediately and voluntarily began stating that the currency was "$20,000 to buy a truck in Texas."   Simultaneously, Gonzalez began voluntarily stating that the currency was "$109,000 of his family's money." A narcotic detecting K9 was used to sniff the vehicle and contents of the trunk at which time the K9 alerted to the presence of an illegal narcotic odor by scratching at the bag containing the United States currency.

## IX.

Gonzalez, Infante-Sagarra, and Infante were transported to the DEA office where Corporal Cowart and Baton Rouge City Police Department Sargent Arthur Munoz (Spanish speaking) conducted video recorded interviews of Infante-Sagarra and Gonzalez.   During the interviews, both continued to give conflicting stories regarding their recent travel itinerary, and the purpose

and origin of the currency.

## X.

Gonzalez was confronted regarding the conflicting stories, at which time Gonzalez voluntarily stated that he would be truthful, and explained that currency was not for him. He continued that he was paid $2,000 to go pick up the currency from an individual in Miami, Florida and transport it back to Houston, Texas and to deliver it to someone there.

## XI.

Gonzalez, Infante-Sagarra, and Infante all signed a Voluntary Disclaimer of Interest and Ownership form regarding the currency located in the vehicle.

## XII.

It is believed that the currency found in the trunk of the vehicle and seized, are drug proceeds or are funds used or intended to be used to facilitate a drug offense, and are forfeitable pursuant to 21 U.S.C. § 881(a)(6).

## XIII.

## LAW

21 U.S.C. § 881(a)(6) provides that the following shall be subject to forfeiture to the United States:

> (6) All monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

4

## XIV.

## BASIS FOR FORFEITURE

The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes monies furnished or intended to be furnished in exchange for a controlled substance; proceeds traceable to such an exchange; or money used or intended to be used to facilitate an drug offense, in violation of 21 U.S.C. § 841.

## XV.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that notice of this action be given to all persons known or thought to have an interest in or right against the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court award the plaintiff such other and further relief as this Court deems proper and just.

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY


/s/ James P. Thompson
James P. Thompson, LBN 21090
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: jay.thompson@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,
        Plaintiff

VERSUS                                    CIVIL ACTION NO. 16-CV-307

ONE HUNDRED NINE
THOUSAND DOLLARS
IN UNITED STATES CURRENCY,
        Defendant

### **VERIFICATION**

I, Special Agent William Johnson, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the United States Drug Enforcement Administration, that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except that those matters not within my own personal knowledge are alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with other officers, as a Special Agent of the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated this 4 day of May, 2016.

_____
William Johnson, Special Agent
Drug Enforcement Administration

6